B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Tennessee

In re  JOHN WAGGONER and MELISSA WAGGONER                Case No.  1231803

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Peritus Portfolio Services II, LLC/Wollemi | AMERICAN CREDIT ACCEPTANCE |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

  PO Box 141419 Irving TX 75014-1419
  bankruptcy@peritusservices.com

Phone:  866 831 5954
Last Four Digits of Acct #:  3157

Court Claim # (if known):  5
Amount of Claim:  $11830.2
Date Claim Filed:  5/15/2012

Phone:  _____
Last Four Digits of Acct. #:  _____

Name and Address where transferee payments should be sent (if different from above):

  Same as above

Phone:  _____
Last Four Digits of Acct #:  _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Lawrence Artiles                Date: 12/31/2015
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS

American Credit Acceptance, LLC, a domestic corporation organized under the laws of South Carolina with an office at 961 East Main Street, Spartanburg, SC 29302 ("Seller") hereby absolutely sells, transfers, assigns, sets-over and conveys to Wollemi Acquisitions, LLC, a limited liability company organized under the laws of Nevada with an office at 3715 Davinci Court, Suite 200, Norcross, GA 30092, ("Buyer") without recourse and without representations or warranties, express or implied, of any type, kind or nature except as set forth in the Agreement (hereinafter defined):

    (a) all of Seller's right, title and interest in and to each of the Accounts identified in the Account Schedule attached hereto as Exhibit A (the "Accounts"), and

    (b) all principal, interest or other proceeds of any kind with respect to the Accounts, but excluding any payments or other consideration received by or on behalf of Seller on or prior to August 19, 2015, with respect to the Accounts.

This Bill of Sale is being executed and delivered pursuant to and in accordance with the terms and provisions of that certain Loan Sale Agreement made and entered into by and between Seller and Buyer dated December 11, 2015 (the "Agreement"). The Accounts are defined and described in the Agreement and are being conveyed hereby subject to the terms, conditions and provisions set forth in the Agreement.

This Bill of Sale shall be governed by the laws of the State of New York without regard to the conflicts-of-laws rules thereof.

DATED: December 11, 2015

SELLER:

By: _____
Name: Tim MacPhail
Title: CFO

STATE OF South Carolina )
                    ) ss.
COUNTY OF Spartanburg )

On December 11, 2015, before me the undersigned officer, personally appeared Tim MacPhail, who acknowledged him/herself to be the Chief Financial Officer of American Credit Acceptance, LLC, a South Carolina limited liability company, signer and sealer of the foregoing instrument, and that he/she as such officer, being authorized so to do, acknowledged the execution of the same to be his/her free act and deed as such officer and the free act and deed of said corporation.

IN WITNESS WHEREOF, I hereunto set my hand.

_____
Commissioner of the Superior Court
Notary Public — August 5, 2020
Record Number: _____

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that American Credit Acceptance, LLC, a South Carolina limited liability company ("Seller"), with respect to those certain purchased Accounts, described in that certain Loan Sale Agreement dated December 11, 2015 (the "Agreement") between Seller and Wollemi Acquisitions, LLC, a Nevada limited liability company ("Buyer"), hereby names, constitutes and appoints Buyer, or any of its authorized agents, employees or representatives, its duly authorized attorney and agent with limited power and authority as it relates to the Accounts to (i) endorse checks and other negotiable instruments which may be received by Buyer; (ii) perfect, maintain, and release any security interests; (iii) transfer and obtain any titles, evidence of ownership or Account Documents; (iv) settle any insurance claims or litigation and apply for any insurance, warranty or sales tax refunds; (v) file any transfer of claim associated with a filed bankruptcy claim; (vi) transfer or release any judgment; (vii) file or execute any document related to the collection of the Accounts; and (viii) to perform any and all acts relating to the Accounts which the undersigned was entitled to do as the owner of said Accounts.

Notwithstanding the foregoing, however, the undersigned expressly withholds and excludes from this grant of power and authority to its Attorney-in-Fact the power to sign declarations on behalf of the undersigned, or to contractually bind the undersigned in any other respects, except those granted by this Limited Power of Attorney. Further, no right or authority is granted to the Attorney-in-Fact to substitute another attorney-in-fact in its place and stead under this Limited Power of Attorney or to sue in the name or on behalf of the undersigned. Any third party without actual notice may rely upon this power granted under this Limited Power of Attorney upon the exercise of such power by the Attorney-in-Fact named herein provided that all conditions precedent to such exercise of power have been satisfied and that this Limited Power of Attorney has not been revoked in its entirety or with respect to any particular Account or receivable unless an instrument of revocation or exclusion has been executed and delivered to any such third party. This Limited Power of Attorney is not intended, nor shall it be construed, to (1) grant powers to the Attorney-in-Fact not specifically authorized herein or (2) impair any indemnification of the undersigned by the Attorney-in-Fact.

Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Agreement.

EXECUTED this 11th day of December, 2015

Seller: American Credit Acceptance, LLC

By: _____
Name: Tim MacPhail
Title: CFO

STATE OF South Carolina )
                        ) ss.
COUNTY OF Spartanburg )

On December 11th, 2015, before me the undersigned officer, personally appeared Tim MacPhail, who acknowledged him/herself to be the Chief Financial Officer of American Credit Acceptance, LLC, a South Carolina limited liability company, signer and sealer of the foregoing instrument, and that he/she as such officer, being authorized so to do, acknowledged the execution of the same to be his/her free act and deed as such officer and the free act and deed of said corporation.

IN WITNESS WHEREOF, I hereunto set my hand.

_Suzanne Kay Brockman_
Commissioner of the Superior Court
Notary Public       August 5, 2020
Recorded number: _____

[Notary Seal: SUZANNE KAY BROCKMAN — NOTARY PUBLIC — SOUTH CAROLINA]

## WAIVER OF NOTICE OF TRANSFER OF CLAIM

American Credit Acceptance, LLC ("Transferor"), has sold and assigned certain claims to Wollemi Acquisitions, LLC ("Transferee"). Transferee is a limited liability company organized under the laws of the State of Nevada maintaining a place of business at 2877 Paradise Road, Unit 303, Las Vegas, NV 89109. Said claims arise from consumer credit accounts (the "Accounts") issued to individuals who have filed petitions commencing cases under the U.S. Bankruptcy Code. Proofs of claim with respect to the Accounts may have been filed under the following name:

———————————————

Transferor consents to the attachment of a copy of this Waiver of Notice of Transfer of Claim to a Notice of Transfer of Claim filed by Transferee pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2). Transferor specifically waives the right to receive notice of and object to the filing of the Notice of Transfer of Claim. Transferor requests that Transferee be substituted for Transferor immediately upon the filing of the Notice of Transfer of Claim. A copy of this Waiver shall have the same force and effect as the original.

IN WITNESS WHEREOF, Transferor has executed this Waiver under its corporate seal by and through its duly authorized officer this 10th day of December, 2015.

American Credit Acceptance, LLC
Transferor

By: _____
Name: Timothy MacPhail
Title: Chief Financial Officer

961 East Main Street
Second Floor
Spartanburg, SC 29302

To Whom It May Concern:

This is to verify that American Credit Acceptance, Cornerstone Acceptance, MARIOS AUTOMART, Freedom Auto Sales, JALAPENOS AUTO SALES, Archerfield Auto Funding, Progressive Autoplex, Speed Motors, Freedom Financial, Kentucky Auto Sales, Car Hunters Auto Sales Inc., Premier Auto Mart Inc., HMC Finance, Car Credit Inc., Pickups Inc., Flagship, Blackstone Imports of Charlotte, FFG of Missouri Inc., Auto Finance, Sixth Gear Solutions, Integris Financial, Taylor Auto Sales, Selective Automotive Management, Ronald Craig Auto Sales, Auto Mart, Upgrade Auto Sales, Southeast Financial LLC., Auto Masters of Smyrna, US Car Company, Karabe Acceptance, Bratton Automotive, INC., Marroquin Motors, Eastern Capital Financial Services LLC, Southeast Financial LLC, Tri-State Lending, Hiett Auto, Sibbett Auto Sales LLC., Rivershore Financial LLC, Yes Auto, Gary Burns and Ronald Craig, Bill Turner, Auto Mart of Florida, Archerfield Auto Funding, Quality Auto, Bay Auto Finance, Select Automotive Management LLC., Cars With Heart, Brooklyn Auto Finance LLC, Fort Wayne Credit Connection INC, Auto Masters, Used Car Factory, Future Auto, Auto Resource Corporation, Alfa Automotive, Back to Basic, Mi Pueblo Auto Sales, RBF Auto, Wrights Auto Sales, X-treme Auto, Auto Lopez, Martin Riley Auto Outlet, Midpoint, Nour Auto, 2 Amigos, Qc Auto Services Inc., Wholesale Direct, Ziaph Capital Group., A. K. Imports, Desto Auto Mall, Crown 6 Auto Sales, J and S Finance Inc. DBA Taylor Import Auto Sales, Tennessee Auto Sales, Alfa Automotive LLC., Auto Market of Florida Corp., Carolina Auto Gallery Inc., Midwest Auto Mall and Auto Mart of Florida., Drive Acceptance Corp., West Palm Auto Group LLC., Crystal Motorsports LLC., Online Auto Wholesalers LLC., Cash Cars., Shoemakers A1 Auto Inc., Auto Market of Florida., Rons Rides., Carlington 3 LLC., Gene's Auto Sales LLC., Car Financial., Online Auto Wholesalers LLC., Desoto Auto Mall INC., Union Motorcars INC., West Palm Auto Group LLC., Union Motorcars INC., Select Automotive Management LLC., TFP International INC., L&L Auto Sales are one in the same.

Kayla Lynch
Title Department
American Credit Acceptance
961 E. Main Street
Spartanburg, SC 29302
Phone 864-308-4376
Fax 866-953-4278



961 East Main Street
Second Floor
Spartanburg, SC 29302

To Whom It May Concern:

This is to confirm that American Credit Acceptance, **Stewart Finance, Auto Finance, Cornerstone Acceptance, Freedom Financial, HMC Finance, Car Credit Inc., Pickups Inc., Flagship Credit Corp, Tri-State Lending LLC, First Investors Servicing, RNB Cars Inc., Maury's Motors Inc. & Sixth Gear** are one in the same.

Thank You,

*Eric Henry*

Eric Henry
Bankruptcy Analyst
American Credit Acceptance
Eric.Henry@acacceptance.com
Phn: (864) 699-6864
Fax: 866-633-0622

# WOLLEMI ACQUISITIONS, LLC

---

August 13, 2015

*Via Electronic Mail*

Peritus Portfolio Services II, LLC
433 E Las Colinas Blvd. Suite 475
Irving, TX. 75039
Attention: Gary Perdue
gperdue@peritusservices.com

    Re:   *Affiliated Entities Letter*

Dear Mr. Perdue:

    Please be advised that Wollemi Acquisitions, LLC and Gryphon Corp. are "affiliated entities", as that term is defined by Generally Accepted Accounting Principles.

                                             Yours truly,

                                             Paul Libretta
                                             Vice President

WOLLEMI ACQUISITIONS, LLC

# BANKRUPTCY SERVICE AGREEMENT

This BANKRUPTCY SERVICE AGREEMENT (this "*Agreement*"), dated as of December 11, 2015 (the "*Effective Date*"), is made and entered into by and between **GRYPHON CORP.**, a Nevada corporation and its affiliates (the "*Company*"), and **PERITUS PORTFOLIO SERVICES II, LLC**, a Delaware limited liability company (the "*Servicer*"). Each of the Company and the Servicer is at times referred to in this Agreement individually as a "*Party*" and collectively as the "*Parties*".

## W I T N E S S E T H:

**WHEREAS**, affiliates of the Company and American Credit Acceptance, LLC, a South Carolina limited liability company, entered into that certain Loan Sale Agreement, dated as of December 11, 2015, pursuant to which the Company agreed to purchase certain bankruptcy accounts ("*Accounts*");

**WHEREAS**, desires to engage the Servicer to perform certain services on the Company's behalf for such Accounts; and

**WHEREAS**, the Servicer desires to accept the engagement on the terms and subject to the conditions of this Agreement.

**NOW, THEREFORE**, in consideration of the above premises and the mutual agreements hereinafter set forth, and for other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties hereby agree as follows:

## ARTICLE I

## REFERRAL AND ACCEPTANCE OF ACCOUNTS

**Section 1.1** **Referred Accounts.** From time to time, the Company may refer Accounts to the Servicer (the "*Referred Accounts*"). For purposes of this Agreement, the term "*Referral Date*" shall mean (a) the date on which the Company places the Referred Accounts on the secured file website, or (b) in the case of a Referred Account that the Company transmits through means other than the secured file website, the date on which the Servicer receives written notice of the Referred Account. The terms and conditions of this Agreement apply to all Accounts referred to the Servicer by the Company, whether referred before, on or after the Effective Date. The Company will provide the Servicer with all documentation and information it possesses as may be reasonably necessary to allow the Servicer to provide representation relating to the Referred Accounts. Company covenants and agrees that to the Company's knowledge, (a) it will own or be authorized to service each Account forwarded to Servicer hereunder, (b) each such Account will constitute a valid obligation of the debtor, enforceable against such debtor (except to the extent enforceability is stayed or otherwise affected by the debtor's bankruptcy case), and (c) the information forwarded by Company with respect to each Account is true and correct in all material respects.

IN WITNESS WHEREOF, the Parties hereto have caused their respective duly authorized representatives to execute this Agreement as of the Effective Date.

Company:

GRYPHON CORP.,
a Nevada corporation

By: _____
Name: Brett M. Samsky
Title: CEO


Servicer:

PERITUS PORTFOLIO SERVICES LLC,
a Texas limited liability company

By: _____
Name: GARY PERDUE
Title: PRESIDENT

[SIGNATURE PAGE 1 OF 1 TO SERVICE AGREEMENT]